IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kenneth B. Rosemond, )<br><br>                        Plaintiff, )<br><br>           vs. )<br><br>Daniel C. Rattray and Kathryn Simpson, )<br><br>                        Defendant. )<br>_____ ) | Civil Action No. 6:16-762-HMH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment (doc. 26). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTUAL ALLEGATIONS

In his complaint, the plaintiff, who is proceeding *pro se*, alleges that medical providers[1] with the Department of Veterans Affairs ("VA")[2] prescribed him risperidone, which the doctors knew or should have known caused males' breasts to become enlarged (doc. 1 at 3-4). He alleges the doctors did not stop administering the drug or give him anything

---

[1]     The plaintiff does not specifically state in the complaint where he was treated by the medical providers who prescribed the risperidon. However, in letters attached to the complaint, the plaintiff references a recent visit to the VA Medical Center in Columbia, South Carolina, and Dr. Rainey states that the plaintiff was treated at the Greenville VA Mental Health Clinic (doc. 1-2 at 2-3).

[2]     In addition to the letters discussed in detail herein, the plaintiff also attached a letter to his complaint from the Greenville County VA Office showing the monthly amount he received in VA benefits for 2012, 2013, and 2014, and what he would receive for 2015 (doc. 1-2 at 1). He also attached a Medicare Summary Notice showing that providers with St. Francis Hospital, Inc., submitted claims during the period of December 24, 2015, and January 10, 2016 (doc. 1-1).

to offset the problem, and his breasts have become permanently enlarged as a result (*id.*). The plaintiff further alleges that he has suffered psychological and physical damages as a result of the actions of these doctors (*id.*).

The plaintiff attached a letter to his complaint that is addressed to him and dated January 20, 2015, from Elisabet Rainey, M.D., of the VA Outpatient Clinic in Greenville, South Carolina (doc. 1-2 at 2). The letter states that the plaintiff had been treated at the Greenville VA Mental Health Clinic since 2002 and was last seen by Dr. Rainey on July 15, 2014 (*id.*). The letter further states that the plaintiff has been treated for paranoid schizophrenia and was stable on his current medication, but that one of the side effects of risperidone is gynecomastia, or breast enlargement (*id.*). The letter states that this had been a concern of the plaintiff since 2009 and has been addressed by his primary care provider. Lastly, the letter states that the plaintiff's medications were necessary to allow him to function (*id.*).

The plaintiff states in his complaint that he filed an administrative tort claim with the VA, and he received a "denial letter" back from the VA (doc. 1 at 3). The plaintiff attached to his complaint a copy of the letter from the VA's Office of Regional Counsel that is dated June 1, 2015, and was mailed to the plaintiff that same day via certified mail (doc. 1-2 at 4). The letter states that the VA had investigated the administrative tort claim filed by the plaintiff under the Federal Tort Claims Act ("FTCA") and concluded there was no negligent or wrongful act on the part of an employee of the VA acting within the scope of his or her employment (*id.*). Accordingly, the claim was denied (*id.*). The letter also notifies the plaintiff that if he was dissatisfied with the decision he could file a request for consideration with the VA's Office of General Counsel and that "[t]o be timely, the VA must receive this request within six months of the mailing of this final denial" (*id.*) (emphasis in original). The VA further notes that the plaintiff had the alternative option of filing a suit directly in federal district court; however, again, the letter stressed that the plaintiff "must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b))" (*id.* at 5).

2

The plaintiff also attached to his complaint a letter dated December 4, 2015, that he sent to the VA's Office of General Counsel in Washington, D.C., "appealing" the denial of his claim (doc. 1-2 at 3, 6).  Also included is a letter dated December 21, 2015, from the Deputy General Counsel, explaining that the plaintiff's request for reconsideration was not timely in that the letter dated December 4, 2015, had been received on December 14, 2015, more than six months after the denial of his claim (*id.* at 7, 10, 11, 12).

The plaintiff also attached a letter dated December 30, 2015, to the VA's Office of General Counsel, requesting reconsideration of his appeal "in light of the fact that [he] did not send the documents as requested in the six months allotted due to [his] emotional and physical condition, and further by the fact that [he] was in the process of obtaining the necessary medical documentation requested to support [his] appeal" (doc. 1-2 at 8, 13).  The final letter[3] attached to the complaint is addressed to the plaintiff from the Office of General Counsel and is date stamped February 25, 2016 (*id.* at 9).  The letter notes that correspondence was received from the plaintiff on January 14, 2016, in which the plaintiff provided additional information regarding the request for reconsideration of his administrative tort claim (*id.*). The Office of General Counsel explained that it no longer had jurisdiction to take action on the claim as the plaintiff had failed to timely make a request for reconsideration (*id.*).

The plaintiff filed the complaint in this case on March 10, 2016, naming as defendants Daniel C. Rattray, Office of the Regional Counsel of the VA, and Kathryn Simpson, Chief Counsel of the Office of the General Counsel of the VA (doc. 1).  The defendants filed the instant motion on July 1, 2016 (doc. 26).  On July 5, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion for summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately (doc. 27).  He filed his response in opposition on July 29,

---

[3]     The documents attached to the complaint contain multiple copies of several of the letters (*see generally* doc. 1-2).

2016 (doc. 29).  The defendants filed a reply on August 5, 2016 (doc. 31), and the plaintiff filed a sur-reply on August 9, 2016 (doc. 32).

Along with his response to the defendants' motion, the plaintiff submitted several exhibits (docs. 29-1 through 29-4).  Those exhibits consist of several letters that were attached to the complaint that have already been discussed above along with the following new exhibits:  a letter from Dr. Joseph B. Beraho dated July 14, 2016, stating that the plaintiff has been on risperidone since 2008 and was on ziprasidone prior to that, and these medications likely contributed to his breast enlargement as a side effect (doc. 29-1 at 1); a letter from Dr. Rainey dated July 27, 2016, outlining the history of the plaintiff's treatment for schizophrenia and the medications he has taken and describing her conversations with the plaintiff regarding his concerns about breast pain and enlargement, her offers to try other medications, and the recent attempt to cross-taper from Risperdal[4] to Seroquel (*id.* at 3-4); a request from the plaintiff to Dr. Beraho and Dr. Rainey asking that they write letters in support of the plaintiff's VA appeal (*id.* at 5-6); a letter from defense counsel to the plaintiff explaining that she must communicate with *pro se* plaintiffs through writing (*id.* at 7); progress notes from the plaintiff's treatment at the Columbia VA Medical Center ("VAMC") during November 2015 (doc. 29-2); progress notes from the plaintiff's treatment at the  Columbia VAMC Mental Health Clinic during June 2016 (doc. 29-3); and copies of the *Roseboro* order and the defendants' motion to dismiss in this case (doc. 29-4).

## APPLICABLE LAW AND ANALYSIS

The defendants argue that the plaintiff's complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, the defendants argue that summary judgment under Rule 56 is appropriate.

---

[4]Risperdal is a brand name of risperidone.

### *Legal Standard*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id.* at 448 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). Rule 12(d) states: "If on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule

56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Here, in addition to the documents the plaintiff attached to his complaint as outlined above, the plaintiff has submitted additional documents as exhibits to his response in opposition to the defendants' motion (*see* docs. 29-1 through 29-4). In the *Roseboro* order issued on July 5, 2016, the plaintiff was specifically advised that if matters outside the pleadings were submitted and considered by the court, the motion to dismiss would be converted to a motion for summary judgment (doc. 27). Based upon the foregoing, the undersigned will treat the defendants' motion as one for summary judgment under Rule 56.

Rule 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

6

the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### Federal Tort Claims Act

The plaintiff brings this action alleging negligence of federal employees while acting within the scope of their office; therefore, the FTCA is controlling. *See* 28 U.S.C. § 2671 *et seq*. In FTCA actions, a remedy against the United States is exclusive of any other civil action or proceeding for money damages against the employee whose act or omission gave rise to the claim. *Id*. § 2679(b)(1). A suit under the FTCA lies only against the United States. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Accordingly, the only proper defendant is the United States, and, therefore, defendants Rattray and Simpson should be dismissed and the United States substituted as the only defendant.

The United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586(1941). Further, the United States may define the terms and conditions upon which it may be sued. *Soriano v. United States*, 352 U.S. 270, 276 (1957). Moreover, "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). The FTCA constitutes a limited waiver of sovereign immunity. *Bessinger v.* U.S., 448 F. Supp.2d 684, 689-90 (D.S.C. 2006). "The FTCA is strictly construed, and all ambiguities are resolved in favor of the United States." *Id*. at 690 (citing *Radin v. United States*, 699 F.2d 681 (4th Cir.1983)). Although the FTCA gives limited consent to suits against the federal government for torts committed by its employees while acting within the scope of their official duties, the Act specifically requires under its statute of limitations (1) an initial presentation of a claim to the appropriate federal agency within two years of the accrual of the cause of action and (2) a suit under the Act initiated within six months of the mailing of the denial of the claim. 28 U.S.C. § 2401(b). The United States may only be held liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." *Id*. § 2674. In

determining liability, courts must apply "the law of the place where the act of omission occurred." *Id.* § 1346(b)(1).  Here, as the alleged acts occurred in South Carolina, the substantive law of South Carolina controls. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).

**Expert Affidavit**

The defendants first argue that this action should be dismissed because the plaintiff failed to file the requisite expert affidavit with his complaint.  The undersigned agrees.  To pursue a medical malpractice claim under South Carolina law, a plaintiff must file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ." S.C. Code  Ann. § 15–36–100(B).  "[F]ailure to file such an affidavit with the Complaint requires dismissal of the case in state court." *Allen v. United States*, C.A. No. 2:13–2740–RMG, 2015 WL 1517510, at *6 (D.S.C., Apr.1, 2015) (citing *Rotureau v. Chaplin*, C.A. No. 2:09–1388–DCN, 2009 WL 5195968, at *6 (D.S.C., Dec. 21, 2009)).  The affidavit requirement is part of the substantive law of medical malpractice in South Carolina and is not procedural. *Rotureau*, 2009 WL 5195968, at *6.  This mandatory prerequisite to the filing of a malpractice lawsuit applies to FTCA medical malpractice actions against the United States. *See Smith v. Meeks*, C.A. No. 1:15-2572-BHH-SVH, 2016 WL 4491634, at *6-7 (D.S.C. July 28, 2016), *R&R adopted by* 2016 WL 4478684 (D.S.C. Aug. 25, 2016); *Chappie v. United States*, C.A. No. 13-1790-RMG, 2014 WL 3615384, at *1, 5 (D.S.C. July 21, 2014); *Jelks v. United States*, C.A. No. 12-3451-JFA-PJG, 2014 WL 1096301, at *3-4 (D.S.C. Mar. 19, 2014).

As set out above, the plaintiff attached to his complaint a letter from Dr. Rainey, stating that the plaintiff was being treated for paranoid schizophrenia and was stable on his current medication, but that one of the side effects of risperidone is gynecomastia, or breast enlargement (doc. 1-2 at 2).  In response to the defendants' motion, the plaintiff submitted letters from Drs. Beraho and Rainey in which they state that the medications prescribed for the treatment of the plaintiff's paranoid schizophrenia likely

8

contributed to the breast enlargement of which he complains (doc. 29-1 at 1-4, 8). These medical statements, however, do not state that any of the providers breached the standard of care in prescribing these medications. Thus, the plaintiff has not included with his medical malpractice complaint an expert affidavit to "specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code Ann. § 15-36-100(B). Thus, he has not complied with the requirements under South Carolina law, and this action must be dismissed.

### *Statute of Limitations*

Additionally, the defendants argue that this action is time barred. The undersigned agrees. The time limit for filing a suit after denial of a tort claim is as follows:

> A tort claim against the United States shall be forever barred …
> unless action is begun within six months after the date of
> mailing, by certified or registered mail, of notice of a final denial
> of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The regulations governing administrative tort claims similarly state this six-month deadline:

> (a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney or legal representative by certified or registered mail. This notification of final denial may include a statement of the reasons set forth for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

> (b) Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option

under 28 U.S.C. 2675(a) shall not accrue until 6 months after
the filing of a request for reconsideration. . . .

28 C.F.R. § 14.9. Thus, under the statute and the regulations, within six months following
the mailing of the notice of a "final denial," a claimant may either file suit in district court (28
U.S.C. § 2401(b)) or file a request for reconsideration with the agency (28 C.F.R. § 14.9(b)).
In order to toll the six-month period in which an action must be filed in district court after
agency denial of a claim, the request for reconsideration must be timely received by the
agency. *See Gervais v. United States*, 865 F.2d 196, 196-197 (9th Cir. 1988) ("Under 28
C.F.R. §14.9(b) a timely request for agency reconsideration, one filed within six months of
the original denial, extends the time in which a claimant may file suit for six months after the
filing of the request for reconsideration."). The court in *Smith v. United States*, 585 F. Supp.
624 (E.D. Michigan 1984), aff'd, 798 F.2d 1416 (6th Cir. 1986), faced similar facts in
consideration of a motion to dismiss. In *Smith*, the claimant timely submitted his medical
malpractice claim to the VA, and his claim was denied on February 28, 1983. The plaintiff
submitted a request for reconsideration on October 4, 1983, and the VA denied that request
as untimely. The federal case was filed on November 4, 1983. The court in *Smith* granted
the motion to dismiss stating, "[b]ecause the claimant did not comply with the six month
limitation on requests for reconsideration, the date of the original denial controls and the
action is untimely." *Id*. at 625.

In the present case, the denial letter mailed on June 1, 2015, clearly set forth
the six month deadline in which the VA must receive the plaintiff's request for
reconsideration or in which he must file a lawsuit in district court (doc. 1-2 at 4-5). The VA,
therefore, had to receive his request for reconsideration or the plaintiff had to initiate a
lawsuit by December 1, 2015. The VA, however, did not receive his request for
reconsideration until December 14, 2015 (doc. 1-2 at 7). Further, the plaintiff did not file
this action until March 20, 2016. Accordingly, the plaintiff failed to file suit against the
United States within six months of the mailing of the denial of his administrative tort claim,

10

and his request for reconsideration of the denial of his tort claim did not toll that period because the reconsideration request was not timely in that it was not received by the VA until after the expiration of the six-month period.

The recent decision by the Supreme Court of the United States in *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015), determined that equitable tolling does apply in FTCA statute of limitations cases. The Supreme Court in *Wong* determined that 28 U.S.C. § 2401(b) is not a jurisdictional basis for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). *Id.* In *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), a case relied on by the Court in *Wong*, the Court determined that the complaint was untimely filed, but then determined that equitable tolling should be considered by holding "that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95-96. However, in its application to that case, the Court in *Irwin* stated:

> Federal courts have typically extended equitable relief sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants.

*Id.* at 96 (citations omitted). The Court found "the principles of equitable tolling described [in this case] "do not extend to what is at best described a garden variety claim of excusable neglect." *Id.*

In *Land v. Green Tree Servicing, LLC*, the Fourth Circuit Court of Appeals' guidelines regarding equitable tolling were recently summarized:

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be

11

inequitable." *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)).Equitable tolling is appropriate in two circumstances: first when the "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," and second, when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000) (internal quotation marks omitted). Equitable tolling is a rare remedy available only where the plaintiff has "exercise[d] due diligence in preserving [her] legal rights."" *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir.2002) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))

140 F. Supp.3d 539, 546 (D.S.C. 2015) (parallel citations omitted).

In addressing his late filing of a request for reconsideration and this lawsuit, the plaintiff states the following in his complaint:   "Due to my emotional and physical distress and further by the fact that I was trying to obtain the necessary medical documents requested to support my appeal.  I was a few days late in filing my appeal so the only recorsed [sic] is to file the lawsuit" (doc. 1 at 5).  The denial letter did not request additional records; it simply denied liability and set forth the deadlines for a request for reconsideration or the filing of a lawsuit.  The plaintiff did not address the statute of limitations issue in his response or sur-reply, other than to state in the response that "when [he] originally filed the claim, [he[ did the best as [he] could and did it as quickly as [he] could acting alone" (*see* doc. 29 at 1).  Equitable tolling of the statute of limitations does not apply in this case, because there are no allegations that the defendants prevented the plaintiff from exercising his rights or that extraordinary circumstances beyond plaintiff's control made it impossible to submit his request for reconsideration or to file this lawsuit within six months of the mailing of the letter of denial.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendants' motion for summary judgment (doc. 26) should be granted. Should the district court adopt this recommendation, any pending nondispositive motions will be rendered moot.

IT IS SO RECOMMENDED.


October 31, 2016                          s/ Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).