IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kenneth B. Rosemond, | ) | C.A. No. 6:16-0762-HMH-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Daniel C. Rattray, Department of Veterans | ) | |
| Affairs, Office of the Regional Counsel; and | ) | |
| Kathryn Simpson, Chief Counsel, Office of | ) | |
| the General Counsel, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Kenneth B. Rosemond ("Rosemond") alleges medical malpractice claims in relation to his treatment by the Department of Veterans Affairs.  Magistrate Judge McDonald recommends granting the Defendants'[2] motion for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

[2] Because this action alleges a negligence claim against federal employees while acting within the scope of their office, the Federal Tort Claims Act ("FTCA") is controlling.  See 28 U.S.C. § 2671 et seq.  In FTCA actions, the United States is the only proper defendant.  Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006).

1

summary judgment.³ After review, the court adopts the magistrate judge's Report and Recommendation and grants the Defendants' motion for summary judgment.

Rosemond filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Rosemond's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation.

---

³ Defendants' motion to dismiss was converted to a motion for summary judgment because the magistrate judge considered matters outside the pleadings filed by Rosemond in response to the motion to dismiss.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 26, is granted. It is further

**ORDERED** that all pending nondispositive motions are dismissed as moot.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
November 17, 2016

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.